On the 13th of October, 1828,
judge Mills
delivered the following opinion of the then Court of Appeals, consisting of Mills and Owsley.
In a controversy about the boundaries of Louisville between the holders of lots therein, and Preston the owner of the adjoining lands, the- latter recovered of Lampton one of the owners of the lots, ip an ejectment, a lot, whereon Lampton, who was a brick-maker, had a brick-yard, and when the writ of habere facias possessionem was executed, and the possession delivered to* Preston, there was in the yard a *455 quantity of bricks burnt* ready for use, and a quantity unburnt, which Preston took with the possession of the ground, and he refused to let Lamp ton remove them, but converted them to his own use, and after the of both the parties, this action was brought by the executors of Lampfon, against the executors of Preston, for the value of the bricks so converted ;■ and the only question involved, is, to whom do the bricks belong; whether to Lampfon, who did not own the soil out of which they were made, but of which he was possessed at the time when he made the bricks, or to Preston, who was the true owner of the soil, but who had no hand in making the bricks?
This involves a new question to be decided by the law, which gives a right of property by accession, as it is termed, both in the civil and common law'. On this point, the rule seems to be, that no one, by any operation upon, or change of the materials of another, can make them his own, except the change is so great as to convert the materials themselves into a different species. Thus, the cloth of another, which without leave of the owner, is made into a coat qr other garment, or his leather into shoes, or timber squared and fitted for use, does not vest in the operator; but all the owner has to do, to reclaim his property, in its new shape, is to identify the materials. In like manner, silver being made into cups or spoons, being still silver, can be recovered by the original owner. But if his corn be made into meal, his olives into oil, or his grapes into wine, the change is into a new species, and is so great, that the original materials cannot be reproduced out of the articles, and the new article belongs to the operator, and he is only bound to account to the owner for the value of the original materials, Black. Com. 404; 2 Kent’s Com. 293.
By this rule it may be determined to who bricks belong. As to the bricks not burnt, not be a serious question. They are soil an still, and belong to the original owner, and it dent that no recovery of their value can be had.]
The only difficulty that can arise, is with re the bricks that are burnt. They, by the pr fire, have undergone a considerable change/ *456 so great, as to place them nearly on the boundary ling of right, between the original owner of the materials and the artist. Still we apprehend that the change is not sufficient to strip the original proprietor of his right» If they had been mouldedjnto glass, the species would have been,changed, and as th éy-eo uTdTm the'red u c e d back to the earth again, the title of the artist Would prevail. But this We know is not the fact. They can be dissolved and be made again into soil, although the process by which it can be done, may require both time and labor. It therefore follows, that the property is not changed, and they still belong to the proprietor, who has kept them; and the maker of the brick, who put the materials into that shape, without the' leave of the owner, cannot recover.
Petition for a re-hearin¡j.
And as the court below has given the same decision, the judgment must be affirmed with costs.